UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHAD. R. WORTMAN, | ) | Case No. 5:15CV558 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | Magistrate Judge George J. Limbert |
| v. | ) | |
| | ) | |
| ANDREW SAUL[1], | ) | Report and Recommendation |
| COMMISSIONER OF | ) | of Magistrate Judge |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the undersigned upon referral by the Honorable Patricia A. Gaughan for a Report and Recommendation on the issue of whether a motion for attorney fees under 42 U.S.C. § 406(b) in the above-captioned case should be equitably tolled, notwithstanding that Defendant Andrew Saul, Commissioner of Social Security ("Defendant"), does not object to the motion or the fees therein requested. ECF Dkt. #27. For the following reasons, the undersigned recommends that the Court find that equitable tolling applies to Plaintiff's motion for attorney fees.

**A.  PROCEDURAL HISTORY**

On May 20, 2016, this Court issued a Memorandum Opinion & Order and Final Judgment Entry adopting the undersigned's Report and Recommendation recommending that the Court reverse Defendant's decision and remand Plaintiff's social security case to the Commissioner. ECF Dkt. #s 20, 21, 22. On June 1, 2016, the parties filed a joint stipulation for the award of fees and costs under the Equal Access to Justice Act ("EAJA"), wherein they agreed to an award of $7,900.00 to

---

[1]On June 17, 2017, Andrew M. Saul became the Commissioner of Social Security, replacing acting Commissioner Nancy A. Berryhill, who replaced Carolyn Colvin.

Plaintiff in attorney fees and costs. ECF Dkt. #23. Judge Gaughan issued a Marginal Entry Order approving the stipulation on June 2, 2016. ECF Dkt. #24.

On April 21, 2020, Plaintiff filed the instant Notice of Motion for Attorney Fees, requesting fees in the amount of $15,108.00 pursuant to 42 U.S.C. § 406(b) of the Social Security Act ("§ 406(b)"), representing 25% of the past due social security benefits awarded to Plaintiff. ECF Dkt. #25-1. Plaintiff indicates that upon receipt of this sum, his counsel will refund to him the previously awarded monies received under the EAJA. *Id*. Plaintiff also explains that Defendant's counsel advised Plaintiff's counsel that Defendant would not object to the timeliness of the motion and he consented to an extension of time to file this motion. *Id*. On May 5, 2020, Defendant filed a response to Plaintiff's motion, indicating that he did not object to the amount sought by Plaintiff's counsel for attorney fees, considering the hourly rate sought and the facts of the case. ECF Dkt. #26.

On May 12, 2020, Judge Gaughan filed an Order referring Plaintiff's motion to the undersigned for the disposition of one issue: whether Plaintiff's motion for attorney fees under §406(b) should be equitably tolled notwithstanding Defendant's representation that he had no objection to the timeliness of the motion or to the fees requested. ECF Dkt. #27.

**B.    LAW AND ANALYSIS**

Upon review of Plaintiff's motion and the relevant law, the undersigned recommends that the Court apply equitable tolling to Plaintiff's § 406(b) motion for attorney fees.

Unlike the 14-day deadline for filing a motion for attorney fees under the EAJA, Section 406(b) does not have a deadline for filing a motion for attorney fees. However, the Sixth Circuit has found that the language and purpose for a motion for attorney fees under Section 406(b) is compatible with Rule 54(d) of the Federal Rules of Civil Procedure. *Hayes v. Comm'r of Soc. Sec.*,

895 F.3d 449, 453 (6th Cir. 2018). Rule 54(d) provides in relevant part that "[u]nless a statute of court order provides otherwise," a motion for attorney fees must "be filed no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B). In *Miltimore Sales, Inc. v. International Rectifier, Inc.,* the Sixth Circuit found that district courts could adopt local rules governing practice and procedure which would govern time limitations for filing motions for attorney fees. 412 F.3d 685, 693 (6th Cir. 2005), citing Fed. R. Civ. P. 38. The *Miltimore* Court identified a number of district courts in this Circuit that had adopted local rules governing such fee petitions. *Id*. The Northern District of Ohio does not have a local rule governing motions for attorney fees filed pursuant to Rule 406(b).

As Plaintiff notes in his brief, courts in this District have applied the 14-day deadline of Rule 54(d) to §406(b) motions for attorney fees and they have applied equitable tolling as well. ECF Dkt. #25-4 at 4-5, citing *Ritchie v. Comm'r*, No. 1:07CV991, 2014 WL 814722, at *3 (N.D. Ohio Feb. 8, 2014),unpublished (applying 14-day deadline and equitable tolling to §406(b) request for attorney fees). In *Shack v. Comm'r,* No. 3:08 CV 630, 2013 W L 5755679 at *3 (N.D.Ohio Oct. 23, 2013), a court in this District held that Rule 54(d) and equitable tolling applied to toll the 14- day time period for filing until the Notice of Award is issued by Commissioner and the claimant's attorney is notified of the Award.

In this case, Plaintiff first asserts that the instant motion for attorney fees is timely filed because it was reasonable for his counsel to wait to file it until after the Appeals Council ruled on the that part of the ALJ's determination that he was not entitled to disability benefits for the period after August 31, 2014. ECF Dkt. #25-4 at 4. He submits that the Notice of Award that he received is dated November 2, 2019 and his counsel submits that it was reasonable to wait until after the

Appeals Council ruled on the unfavorable portion of the ALJ's decision in order to see if Plaintiff was entitled to additional past-due benefits which would have impacted attorney fees. ECF Dkt. #25-4 at 4. Plaintiff explains that the appeal was not decided until March 2020, when the Appeals Council found that he was not entitled to additional benefits. *Id*. at 4-5.

Even if this Court accepts that the Rule 54(d) 14-day deadline applies and it was reasonable to find that the deadline did not start running until after the Appeals Council ruled on Plaintiff's appeal of the unfavorable part of the ALJ's decision, the undersigned cannot determine when the Rule 54(d) deadline would have begun. This is because neither Plaintiff nor his counsel provide exact dates as to when they received notification of the Appeals Council ruling. In counsel's affirmation, he indicates that the Appeals Council denied review of his appeal of the unfavorable part of the ALJ's on January 15, 2020. ECF Dkt. #25-2 at 2. In counsel's motion for attorney fees, he asserts that the appeal of the unfavorable portion of the ALJ's decision did not conclude until March of 2020. ECF Dkt. #25-4 at 4. Without further information as to that date, the timeliness of the motion for attorney fees cannot be determined.

However, the undersigned recommends that the Court apply equitable tolling to the instant motion for attorney fees. In *Hayes v. Commissioner of Social Security*, the Sixth Circuit Court of Appeals set forth the following factors to determine whether a party is entitled to equitable tolling of a § 406(b) motion:

> (1) the petitioner's lack of [actual] notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

895 F.3d 449, 453-454 (6th Cir. 2018), quoting *Cook v. Comm'r*, 480 F.3d 432, 437 (6th Cir. 2007),

quoting *Dunlap v. U.S.*, 250 F.3d 1001, 1008 (6th Cir. 2001).

In the instant case, the first and second factors weigh against Plaintiff because it appears that his counsel was aware of the deadline for filing a § 406(b) motion for attorney fees as he acknowledged that the 14-day deadline of Rule 54(d)(2)(B) had been applied in this District and he interpreted it to begin running after the Appeals Council decided Plaintiff's appeal of the unfavorable portion of the ALJ's decision rather than after the Notice of Award had been received.

However, the next two factors weigh heavily in favor of Plaintiff. Diligence was certainly shown in pursing Plaintiff's rights as not only did Plaintiff's counsel obtain a remand in this case, he also secured upon remand an award of a period of benefits for Plaintiff. Plaintiff and counsel continued asserting Plaintiff's rights by appealing the unfavorable portion of that ALJ decision. In addition, prejudice to Defendant is not in issue as Defendant's counsel advised Plaintiff's counsel that Defendant did not object to the timeliness of the instant motion and consented to any necessary extension of time within which to file the motion. ECF Dkt. #25 at 1. The final factor also favors Plaintiff as his counsel was aware of the legal requirement for filing the instant motion, but was not unreasonable in waiting for the entire award to be resolved, especially in this District where no Local Rule exists on the filing deadline and little caselaw interpreting the Rule 54(d)(2)(B) application.

**C.     CONCLUSION AND RECOMMENDATION**

For the above reasons, the undersigned recommends that the Court apply equitable tolling to Plaintiff's § 406(b) motion for attorney fees.

Dated: May 26, 2020             */s/George J. Limbert*
                                GEORGE J. LIMBERT
                                UNITED STATES MAGISTRATE JUDGE


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice.  Fed. R. Civ. P. 72; L.R. 72.3.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).